```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF PUERTO RICO

 UNITED STATES OF AMERICA,

         Plaintiff,
                                        Criminal No. 96-337 (JAF)
         v.                              (Reassigned from HL)

 JOSE LUIS CINTRÓN-MORENO,

         Defendant.
```

**OPINION AND ORDER**

Following Defendant's appeal of our order dated December 7, 2007 (Docket No. 1951), the First Circuit now remands with instructions that we reconsider two discrete issues. First, we are to reconsider our determination that Defendant received adequate notice of the forfeiture of his truck, yet failed to object via the proper administrative procedures. Second, we are to reconsider our holding that Defendant failed to make a timely request for return of property transferred to the U.S. Marshals Service. See United States v. Cintrón-Moreno, No. 08-1087, slip op. at 2-3 (1st Cir. Aug. 10, 2009). We ordered both parties to suggest the course of action we should follow in complying with the Court of Appeals' mandate. (Docket No. 1982.) Having considered both parties' submissions, we enter the following disposition.

**A.   <u>Forfeiture of Defendant's Truck</u>**

Defendant's truck was seized following his arrest in 1997 and subjected to forfeiture by the U.S. Customs Service. (Docket No. 1784.) Following his conviction, Defendant filed a motion under Rule 41(e) – now re-codified at Rule 41(g) – for the return of property. (Docket No. 1483.) Prior to Defendant's appeal, the government had conceded in a motion before this court that Defendant was not properly notified of the forfeiture of his truck. (Docket No. 1784.) At that time, the government consented to an entry of judgment against it in the amount of $9,034, the truck's pre-sale appraisal value. (<u>Id.</u>) During the December 2007 evidentiary hearing, however, counsel for the United States was unaware of the government's prior concession and failed to inform this court of said consent to judgment. (Docket No. 1962.) In its brief before the Court of Appeals, the government corrected this error, reasserted that its notice to Defendant of the truck's forfeiture was deficient, and expressly requested a remand to this court so that judgment could be entered against it. Brief for the Appellant at 36-39, <u>United States v. Cintrón-Moreno</u>, No. 08-1087 (1st Cir. Aug. 10, 2009). In its latest submission to this court, the government has again consented to such a judgment against it. (Docket No. 1988.) Accordingly, we find that Defendant did not receive adequate notice of the forfeiture of his vehicle, and we order judgment against the United States in the amount of $9,034.

Criminal No. 96-337 (JAF)                                                      -3-

The principle of sovereign immunity dictates that Congress must expressly consent to any award of interest against the government. Library of Cong. v. Shaw, 478 U.S. 310, 314 (1986). A general waiver of immunity to suit is not sufficient to overcome this hurdle. Id. The text of 28 U.S.C. § 2465 provides for prejudgment interest on the proceeds from the sale of forfeited property. 28 U.S.C. § 2465(b)(1)(C)(ii). This provision of prejudgment interest, however, is applicable only to "any forfeiture proceeding commenced on or after the date that is 120 days after April 25, 2000." Id. at note (Effective Date of 2000 Amendment). Recognizing that § 2465 did not provide for the award of interest prior to its amendment in 2000, the First Circuit has held that Congress did not intend for the amended waiver of sovereign immunity in § 2465 to be retroactive. Larson v. United States, 274 F.3d 643, 647 (1st Cir. 2001).

The administrative forfeiture proceeding against Defendant began in September 1997, when the U.S. Customs Service sent notice of a pending forfeiture action to the Defendant's prior addresses.[1] The government completed the forfeiture and sold Defendant's vehicle in June 1998. Therefore, 28 U.S.C. § 2465 is inapplicable, and there is no other waiver of sovereign immunity that allows us to award prejudgment interest to Defendant.

---

[1] The government failed to send notice to the Metropolitan Detention Center in Guaynabo, Puerto Rico, where Defendant was being held awaiting trial. This failure led the government to concede to judgment against it. (Docket No. 1784.)

**B.   Forfeiture of Property Delivered to U.S. Marshals Service**

In our prior order from which Defendant appealed, we determined that all of Defendant's personal property had been accounted for and was either returned to Defendant and his agents or properly delivered to the U.S. Marshals Service for forfeiture. (Docket No. 1951 at 3-4.)  The Court of Appeals affirmed our determination that none of the property seized from Defendant remained unaccounted. Cintrón-Moreno, No. 08-1087 at 2. The only question before us on remand is whether the property transferred to the Marshals Service was improperly disposed of or lost.  Id.

During the evidentiary hearing held before this court on December 7, 2007, the government submitted into evidence DEA Form 48a, "Disposition of Non-Drug Evidence." (Docket No. 1952.) This form, dated May 8, 1997, catalogs six exhibits, all of which were transferred to the U.S. Marshals Service for forfeiture proceedings. (Id.)  The "File Title" field of Form 48a lists the name "Maria Rosa-Torres."  (Id.)  Ms. Torres is the Defendant's wife and a convicted co-conspirator in the crime that triggered the forfeiture. Apart from Ms. Torres' name under the "File Title," this form did not attribute the ownership of the listed items to anyone. (Id.) DEA Taskforce Agent Ángel Sánchez testified during the evidentiary hearing that property seized from all co-conspirators that were subjects of the overarching DEA investigation would appear on Form 48a. (Docket No. 1962 at 24) ("Q:  Now, if there was any cash that was seized from

Criminal No. 96-337 (JAF)                                                -5-

the defendant or any of the defendants in the case, in 96-337, would that money have been reflected on here [Form 48a]?  A:  Yes").

In response to our order, the government has submitted recently-discovered DEA documents cataloging the disposition of each of the items listed on Form 48a. (Docket No. 1988-4.)  Each "Status Inquiry Document" describes the asset seized, its value, the date of its seizure, its disposition, and, most importantly for our purposes, from whom it was seized. Id.  After reviewing these documents, it appears that none of the items listed on Form 48a for forfeiture to the U.S. Marshals Service were seized from Defendant. Rather, the government's submission suggests these items were seized from Defendant's various co-conspirators.[2]

None of these items were listed on the DEA's "Report of Investigation," which, according to Agent Sánchez, listed property seized during the search of Defendant's home. (Docket Nos. 1952; 1962.)  Finally, Defendant has not yet presented any evidence of his ownership of the forfeited items on Form 48a. Despite the serious doubt that has been cast on Defendant's standing to pursue a claim for return of the properties on Form 48a, the government did not expressly move for dismissal.

---

[2] Of the six exhibits, only exhibit N-154, consisting of two Banco Popular checks totaling $1,900, was seized from Defendant's wife. (Docket No. 1988-4 at 8.) She received timely notice of the forfeiture, but apparently failed to respond with a petition within the statutorily mandated twenty-day deadline. (Id.); See 19 U.S.C. § 1608.

### C.   <u>Sua Sponte 12(b)(1) Dismissal</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a federal district court has an independent obligation to review its subject-matter jurisdiction over all cases "even in the absence of a challenge from any party." <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 514 (2006); <u>see</u> Fed. R. Civ. P. 12(h)(3). Rule 12(b)(1) is a "large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction," including mootness. <u>Valentín v. Hosp. Bella Vista</u>, 254 F.3d 358, 362-63 (1st Cir. 2001).

When challenging the court's subject-matter jurisdiction, a movant may raise a factual challenge by controverting the plaintiff's jurisdictional allegations when they are distinct from the case's merits. <u>Id.</u> at 363. The court then addresses "the jurisdictional claim by resolving the [predicate] factual disputes." <u>Id.</u> The party asserting jurisdiction bears the burden of showing its existence. <u>See</u> <u>Skwira v. United States</u>, 344 F.3d 64, 71 (1st Cir. 2003).

We may order dismissal sua sponte if it is evident that we lack power to decide a case. <u>See</u> <u>Arbaugh</u>, 546 U.S. at 514. Prior notice to the plaintiff is ordinarily required to permit the plaintiff to correct her error, but no notice is necessary "[i]f it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." <u>González-González v. United States</u>, 257 F.3d 31, 37 (1st Cir. 2001).

Criminal No. 96-337 (JAF)                                                              -7-

In light of the DEA "Status Inquiry" documents submitted by the government (Docket No. 1988-4), we raise the question of our jurisdiction sua sponte and hereby order Defendant to show cause as to why we should not dismiss this case for mootness and lack of standing.

For the reasons stated herein, we hereby **ORDER** the United States to pay Defendant $9,034, the pre-sale appraisal value of Defendant's improperly forfeited truck. We hereby **ORDER** Defendant to **SHOW CAUSE, on or before November 2, 2009,** as to why he has standing to challenge the forfeiture of those items listed on DEA Form 48a.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 14th day of October, 2009.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge